IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS SHOUP, | ) | CASE NO. 1:09 CV 1342 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Douglas Shoup, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Shoup had severe impairments consisting of degenerative disc disease with chronic pain in the neck, upper back, and lower back; history of fracture of the left forearm; and depression and anxiety.[1] The ALJ decided that Shoup had the residual functional capacity for light work, except that he could not reach overhead with both arms more than 50% of the day.[2] The ALJ also imposed certain postural limitations and precluded

---

[1] Transcript ("Tr.") at 18.

[2] *Id.* at 19.

work involving strict production quotas or frequent interactions with others.[3] Given that residual functional capacity, the ALJ found Shoup incapable of performing his past relevant work.[4]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Shoup could perform.[5] The ALJ, therefore, found Shoup not under a disability.[6]

Shoup asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Shoup argues that substantial evidence does not support the ALJ's residual functional capacity finding because she did not properly evaluate or articulate with respect to the opinions of Shoup's treating physicians.

The Court concludes that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, this case must be remanded for further proceedings.

---

[3] *Id.*

[4] *Id.* at 26.

[5] *Id.* at 27-28.

[6] *Id.* at 28.

**Analysis**

This case presents the recurring issue of whether the ALJ properly assigned weight to the opinions of treating physicians and whether the ALJ has sufficiently articulated good reasons for the weight assigned to those opinions. In this case, the plaintiff, Douglas Shoup, had degenerative disc disease of the cervical, thoracic, and lumbar spine, depression, and anxiety.[7] In the residual functional capacity finding, the ALJ took these physical and mental impairments in consideration in finding a reduced residual functional capacity for light work with additional postural limitations and non-exertional limitations as to strict production quotas and interactions with others.[8]

The administrative record contains multiple residual functional capacity evaluations from treating physicians and other medical sources. The ALJ did a good job summarizing the content of these evaluations. With one exception, she did not assign weight to the opinions of the treating sources and stated broadly that those opinions were not supported by any objective medical evidence.[9]

Shoup argues that by failing to assign weight to the opinions of all the treating sources and by providing minimal and conclusory articulation of the reasons for not giving

---

[7] *Id.* at 18.

[8] *Id.* at 19.

[9] *Id.* at 24-25.

controlling weight to those sources, the ALJ violated the requirements of *Wilson v. Commissioner of Social Security*[10] and its progeny.

The Commissioner counterargues that, although the ALJ's handling of the treating source opinions is not perfect, she did enough to come within the harmless error exception to the *Wilson* requirements. The Commissioner's brief contains an articulate and thorough review of the record evidence supporting the ALJ's decision to disregard the treating source opinions, which articulation goes far beyond the efforts made by the ALJ here. The Commissioner argues that substantial evidence supports the ultimate finding of no disability. But the Sixth Circuit has made clear that this conclusion does not necessarily excuse failure of the ALJ to comply with the *Wilson* requirements.

In a nutshell, the *Wilson* line of cases interpreting the Commissioner's regulations recognizes a rebuttable presumption that a treating source's opinion should receive controlling weight.[11] The ALJ must assign specific weight to the opinion of each treating source and, if the weight assigned is not controlling, then give good reasons for not giving those opinions controlling weight.[12] In articulating good reasons for assigning weight other than controlling, the ALJ must do more than state that the opinion of the treating physician

---

[10] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

[11] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

[12] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009).

disagrees with the opinion of a non-treating physician[13] or that objective medical evidence does not support that opinion.[14]

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[15] The Commissioner's *post hoc* arguments on judicial review are immaterial.[16]

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand:

- the failure to mention and consider the opinion of a treating source,[17]

- the rejection or discounting of the weight of a treating source without assigning weight,[18]

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining),[19]

---

[13] *Hensley v. Astrue*, 573 F.3d 263, 266-67 (6th Cir. 2009).

[14] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 2010 WL 1725066, at *8 (6th Cir. 2010).

[15] *Blakley*, 581 F.3d at 407.

[16] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147 (N.D. Ohio Jan. 14, 2010).

[17] *Blakley*, 581 F.3d at 407-08.

[18] *Id.* at 408.

[19] *Id.*

- the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source,[20]

- the rejection of the opinion of a treating source because it conflicts with the opinion of another medical source without an explanation of the reason therefor,[21] and

- the rejection of the opinion of a treating source for inconsistency with other evidence in the record without an explanation of why "the treating physician's conclusion gets the short end of the stick."[22]

At issue here are the opinions of three treating sources: (1) Dr. Sidduqui, an internist; (2) Dr. Lai, a physical medicine and rehabilitation specialist; and (3) Dr. Haar, a psychiatrist.

Dr. Sidduqui provided several residual functional capacity opinions, which the ALJ rejected as not supported by objective medical evidence or any treatment notes.[23] He expressly assigned Dr. Sidduqui's opinions no weight.[24]

Dr. Lai provided residual functional capacity opinions regarding both physical and mental impairments. The ALJ did not make a weight assignment as to Dr. Lai's opinions. In the main, Dr. Lai's opinions as to physical limitations support the ALJ's residual functional capacity finding. His limitations caused by Shoup's mental impairments, however, support a disability finding. The ALJ notes only that Dr. Lai is certified in physical

---

[20] *Id.* at 409.

[21] *Hensley*, 573 F.3d at 266-67.

[22] *Friend*, 2010 WL 1725066, at *8.

[23] Tr. at 24.

[24] *Id.*

medicine and rehabilitation.[25] He does not go on to articulate that this certification does not qualify Dr. Lai to offer an opinion as to mental limitations. This is an argument that the Commissioner now makes, however.

With respect to Dr. Haar, again the ALJ does not make an assignment of weight to his opinions. Further, although Dr. Haar offers multiple opinions, two of which he issued in 2004, the ALJ merely discusses opinions in September and November of 2003.[26]

The Commissioner's argument here is that, viewing the record as a whole, there is more than enough objective medical evidence to affirm the ALJ's residual functional capacity finding and finding of no disability. As previously noted, the Commissioner's *post hoc* arguments are immaterial. The Sixth Circuit has expressly stated that the procedural requirements of the regulation, as interpreted by the *Wilson* line of cases, must be followed even if the ALJ's conclusions can be justified based on the record.[27]

The Commissioner ultimately falls back to the argument that the numerous breaches of *Wilson* jurisprudence here constitute harmless error. As the Sixth Circuit observed in *Wilson* itself,[28] and in subsequent decisions such as *Blakley v. Commissioner of Social Security*,[29] harmless error will not save an otherwise flawed decision if the error prevents

---

[25] *Id.* at 25.

[26] *Id.* at 25.

[27] *Blakley*, 581 F.3d at 407; *Rogers*, 486 F.3d at 243.

[28] *Wilson*, 378 F.3d at 544.

[29] *Blakley*, 581 F.3d at 409.

"meaningful review" by the Court. "Meaningful review" does not consist of reliance on arguments made by the Commissioner on judicial review or of *de novo* review of the evidence of record by the Court. The ALJ has left too much unsaid and unexplained here.

The Commissioner may be correct that substantial evidence in this record does support a denial of benefits. Nevertheless, the manifest errors here require a remand.

**Conclusion**

Substantial evidence does not support the finding of the Commissioner that Shoup had no disability. Accordingly, the decision of the Commissioner denying Shoup disability insurance benefits and supplemental security income is reversed and the case remanded for reconsideration of the weight to be assigned the opinions of the treating physicians and statements of good reasons for the weight so assigned, as appropriate.

IT IS SO ORDERED.

Dated: March 31, 2011          s/ William H. Baughman, Jr.
         United States Magistrate Judge